JAMES F, JOHNSON, plaintiff in error, vs. THE BANK OF FULTON, defendant in error. .

Whenever a protest is not required, notarial expenses cannot be recovered.

Certiorari, in Fulton Superior Court. Decision by Judge BULL, at April Term, 1859.

James F. Johnson brought suit in a Justices Court against the Bank of Fulton, on five bank bills, each of the denomination of five dollars, and sought to recover, in addition to the

amount of the bills, the expenses of protest of each bill. The defendant pleaded the general issue; and specially that plaintiff was not entitled to recover the fees of the notary public, for noting and protesting the bills. Each bill was presented at the bank and payment demanded on each separately, and refused, and each was separately noted and protested.

At the trial in the Justices Court, plaintiff offered in evidence the certificate of the notary public, to prove the demand and protest, which, upon objection was rejected by the Court, upon the ground, that a protest was not necessary, and the bank was not therefore liable for the cost and fees of said notary. To which ruling plaintiff excepted, and the case coming up before the Superior Court by certiorari, that Court dismissed the certiorari, and affirmed the judgment of the Justices Court. To which decision plaintiff excepted and assigns the same as error.

STONE & FITCH, for plaintiff in error.

HILL, contra.

*By the Court.*—LUMPKIN J. delivering the opinion.

We think the Judge below was right, in holding that notarial fees cannot be recovered of the bank in this case, for the reason, that no protest was necessary, upon the failure of the bank to redeem its bills on demand. The agency of a notary may be very convenient in such a case; but it was not necessary. And this is the true test to apply. Whenever a protest is not required, notarial expenses cannot be recovered. *Lefly vs. Mills*, 4 *T. R.* 175; *Windle vs. Andrews*, 2 *Burn. & Ald.* 696; *S. C.*, 2 *Stark. Rep.* 425; *Miller vs. Hackley*, 5 *John. Rep.* 375; *Yonge vs. Bryan*, 6 *Wheat. Rep.* 152; *Union Bank vs. Hyde, Ibid.* 573; *Merrit & Myers vs. Benton*, 10 *Wend.* 117; is the only authority cited, adverse

to this proposition.   The opinion of the Court in this case, occupies nine or ten lines.   The Court confesses that it is unsupported by authority, except the practice of the Circuit Court, and that is not uniform, and puts the decision upon untenable ground namely: that the fees of protest, is an expense, to which the holder of the note is subjected, by reason of the default of the endorser, who ought to have paid the note at maturity ; that it may fairly be considered, as a charge incident upon the endorser's failure to perform his contract, and hence should be allowed to the plaintiff in the assessment of damages.   Whereas, the endorser, in New York, and by the law merchant, is not liable to the holder, until demand is made of the maker, and he has been notified.   Until then, he is in no default.

Judgment affirmed.